LOGAN COUNTY
COMMON PLEAS COURT
FILED

2013 SEP 23 PM 3: 36

BARB McDONALD
CLERK

## IN THE COMMON PLEAS COURT OF LOGAN COUNTY, OHIO

MARY RUTAN HOSPITAL
205 Palmer Ave.
Bellefontaine, OH 43311

    Plaintiff,

v.

NEXTGEN HEALTHCARE
INFORMATION SYSTEMS, LLC.
c/o CT Corporation System,
Statutory Agent
4400 Easton Commons Way, #125
Columbus, OH 43219

    Defendant.

Case No.: CV 13 09 0324

Judge Mark S. O'Connor

**COMPLAINT FOR BREACH OF
CONTRACT AND MONEY DAMAGES**

## COMPLAINT

Now comes Plaintiff, Mary Rutan Hospital ("MRH"), by and through undersigned counsel, and for its Complaint, states the following:

**1.** MRH is an Ohio corporation with its principal place of business at the address set forth in the caption of this Complaint.

**2.** NextGen Healthcare Information Systems, LLC ("Defendant") is a California limited liability company authorized to transact business in the State of Ohio.

**3.** Venue is proper in this Court pursuant to Ohio Rule of Civil Procedure 3(B)(3), 3(B)(5), and 3(B)(6).



4. On or about September 28, 2010, MRH and Defendant's predecessor in interest, NextGen Healthcare Information Systems, Inc., entered into a Software License & Services Agreement (the "Agreement"), which was amended by an Addendum (the "Addendum") signed by representatives of MRH and Defendant on September 29 and 30, 2010.[1]

5. Pursuant to the Terms and Conditions of the Contract, Defendant was to provide certain "Software" and "User Materials," among other products, licenses, and services, to MRH in exchange for the payment of $921,534.00 (the "Contract Price").

6. As part of the Terms and Conditions of the Contract, Defendant warranted to MRH that the Software would substantially perform the material functions described in the User Materials when operated on Hardware and with the Third Party Software purchased from, or pre-approved by, Defendant in accordance with the User Materials.

7. Defendant further warranted that, should any problems arise with respect to the Software and/or User Materials, that it would correct the Software or User Materials.

8. The "Software Installation" is defined in the Contract as the moment in time following physical installation of the Software on any of MRH's hardware at any of MRH's facilities when Defendant affirmed to MRH that the software was ready for MRH to begin the implementation process.

9. The activation, or "Go Live", date for the electronic practice management ("EPM") portion of the NextGen software was April 15, 2011.

10. The electronic health record ("EHR") portion of the NextGen software was activated between May 17, 2011 and September 9, 2011 depending upon the particular practice group at MRH.

---

[1] The Agreement and Addendum are collectively referred to herein as the "Contract." A copy of the Contract is attached hereto as Exhibit A in accordance with Ohio Rule of Civil Procedure 10(D)(1).

11. From the period after Software Installation, and continuing thereafter through the "Go Live" date until present, MRH experienced hundreds of problems with, including but not limited to, the Software and User Materials provided by Defendant to MRH pursuant to the terms of the Contract.

12. The product provided by NextGen was severely limited in its functionality from the outset of its implementation and so full of defects that MRH submitted approximately 200 written work orders, or "tickets", in the first year alone.

13. The product provided by NextGen was materially defective, among other ways, in that it:

   a) lacked a synchronized database between the EPM and EHR application functions requiring staff to enter the same information multiple times and resulting in multiple errors in the data fields when synchronized; and

   b) EHR application templates do not correctly communicate with EHR modules jeopardizing the integrity of the medical record in that a physician can enter information into the electronic health record system one way which then inexplicably manifests itself incorrectly in the ultimate medical record;

14. MRH placed Defendant on notice of the problems MRH experienced with the Software and User Materials.

15. The Software and User Materials, among other items, failed to function in a manner consistent with what was contracted for by MRH as represented to MRH both verbally and in the Contract.

16. Defendant substantially failed to remedy the problems MRH experienced with the Software and User Materials, among other items.

17. The Software and User Materials provided by Defendant, among other items, substantially failed to perform as warranted by Defendant.

18. MRH did not receive the benefit of its bargain when it entered into the Contract with Defendant for the Software and User Materials, among other items, despite paying Defendant the Contract Price for same.

19. As a result of Defendant's failure to comply with the Terms and Conditions of the Contract, MRH has incurred significant damages, including retaining various third-party consultants for support in remediating issues with, including but not limited to, the Software and/or User Materials provided by Defendant.

20. MRH took all steps necessary to mitigate its damages herein in connection with Defendant's breach of the Contract.

## COUNT I: BREACH OF CONTRACT

21. MRH hereby incorporates all preceding paragraphs as if fully restated herein.

22. In 2010, MRH and Defendant entered into a Contract for certain products, licenses, and services in exchange for the payment of the Contract Price.

23. MRH performed its obligations under the Contract.

24. Defendant breached the Contract by failing to perform its obligations and provide the product in accordance with the Contract Terms and Conditions.

25. Further, Defendant breached the Contract by failing to provide functioning Software and/or User Materials, among other items, to MRH in accordance with the terms of the Contract.

26. Further, Defendant breached the Contract by failing to comply with Section 19 of the Contract in failing to correct the Software or the User Materials.

27. As a result of Defendant's breach, MRH has incurred damages in an amount in excess of $25,000.00, to be proven at trial.

## COUNT II: BREACH OF EXPRESS WARRANTY

28. MRH hereby incorporates all preceding paragraphs as if full restated herein.

29. Defendant expressly warranted to MRH that its Software would substantially perform the material functions described in the User Materials when operated on Hardware and with the Third Party Software purchased from, or pre-approved by, Defendant in accordance with the User Materials.

30. Defendant further warranted that: (ii) it would correct the Software or User Materials; (ii) it would provide MRH with an Update to the Software; (iii) there would be a single, seamless database between the EPM and EHR application functions; and (iv) that the EHR application templates would correctly communicate with the EHR modules.

31. Defendant's statements concerning the Software purchased by MRH were misleading and induced MRH's actual, reasonable, good faith reliance to enter into the Contract – all to MRH's detriment.

32. The Software does not currently, and did not ever, conform to the express warranties of Defendant.

33. As a direct and proximate result of the breach of the express warranty, MRH has been damaged in an amount in excess of $25,000.00, to be proven at the trial of this matter.

## COUNT III: BREACH OF MONEY BACK GUARANTEE

34. MRH hereby incorporates all preceding paragraphs as if fully restated herein.

35. On September 30, 2010, Defendant provided MRH an express warranty in the form of a "Money Back Guarantee", a copy of which is attached hereto as **Exhibit B**.

36. The "Money Back Guarantee" warrants that "the Software will work properly" in that

it will materially perform in accordance with the User Materials during the warranty period and throughout the time MRH is current in its payment for Software Maintenance Services.

37. As set forth above, MRH notified Defendant of numerous failures and errors in its Software on a repeated and ongoing basis as exemplified by the submission of over 200 work order requests, or "tickets", in the first year alone.

38. The cumulative nature of these numerous and ongoing defects represents a material failure of the Software to perform in accordance with its User Materials and the express warranties.

39. While MRH notified Defendant in writing of the issues on multiple occasions through hundreds of emails, work orders and tickets, Defendant failed to remedy the situation and the defects continued rendering the Software materially unreliable and unfit for the application for which it was intended and purchased.

40. MRH provided Defendant with more than adequate opportunity to provide properly functioning Software of a reliable nature.

41. Finally, on June 19, 2013, MRH requested a full refund of the Contract price and tendered the Software and hardware to Defendant. A copy of the June 19, 2013 correspondence is attached hereto as **Exhibit C**.

42. On August 5, 2013, Defendant responded to MRH's June 19, 2013 communication by refusing to honor the Money Back Guarantee and refused to accept the return of its Software and hardware. A copy of the August 5, 2013 correspondence is attached hereto as **Exhibit D**.

43. Defendant has breached the Money Back Guarantee entitling MRH to a full refund of the purchase price in addition to other incidental and consequential damages in an amount in excess of $25,000 to be proven at trial.

## COUNT IV: UNJUST ENRICHMENT

44. MRH hereby incorporates all preceding paragraphs as if fully restated herein.

45. MRH paid Defendant an amount in excess of 1,500,000.00 for the Software, hardware and support services.

46. Defendant knowingly accepted the benefit conferred upon it by MRH.

47. The acceptance and retention by Defendant of the benefit conferred on it were under such circumstances that it would be inequitable for Defendant to retain the benefit.

## DEMAND FOR JUDGMENT

WHEREFORE, MRH respectfully requests that this Court issue judgment in its favor and against Defendant as follows:

a. In connection with Counts I-IV, judgment against Defendant in an amount in excess of $25,000.00, to be proven at the trial of this matter with reasonable attorney's fees, punitive damages, costs, pre- and post-judgment at the relevant statutory rate; and

b. Costs of this action, together with all other legal and equitable relief to which MRH is entitled at law or equity.

Respectfully submitted,

THOMPSON, DUNLAP & HEYDINGER, LTD.

Terrence G. Stolly (#0073266)
John D. Bodin (#0076356)
Zebulon N. Wagner (#0084337)
1111 Rush Ave., P.O. Box 68
Bellefontaine, OH 43311-0068
Telephone: (937) 593-6065
Facsimile: (937) 593-9978
E-Mail: tstolly@tdhlaw.com

jbodin@tdhlaw.com
zwagner@tdhlaw.com

ATTORNEYS FOR PLAINTIFF

_____
Terrence G. Stolly (#0073266)
John D. Bodin (#0076356)

Court of Common Pleas, General Division, Logan County
101 S. Main St., Rm. 18, Bellefontaine, Ohio 43311-2097

SUMMONS ON COMPLAINT
Rule 4 Ohio Rules of Civil Procedure

Case No. CV 13 09 0324

| Plaintiff (s) | Address |
|---|---|
| MARY RUTAN HOSPITAL | 205 PALMER AVENUE<br>BELLEFONTAINE OH 43311 |

-VS-

| Defendant (s) | |
|---|---|
| NEXTGEN HEALTHCARE INFORMATION SYSTEMS LLC | C/O CT CORPORATION SYSTEM<br>STATUTORY AGENT<br>4400 EASTON COMMONS WAY #125<br>COLUMBUS OH 43219 |

To the above named defendant (s):

You are hereby summoned that a complaint (a copy of which is attached hereto and made part hereof) has been filed against you in this court by plaintiff(s) named herein.

You are required to serve upon the plaintiff(s) attorney, or upon the Plaintiff(s) if they have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with the court within three (3) days after service on plaintiff(s) attorney.

The name of the plaintiff(s)' attorney is as follows:

JOHN D BODIN
1111 RUSH AVENUE, PO BOX 68
BELLEFONTAINE OH 43311

Case No. CV 13 09 0324

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

Barb McDonald
Logan County Clerk of Courts

September 26, 2013

s/Tiffiny Hausler

Deputy Clerk

 **CT Corporation**

**Service of Process Transmittal**
09/27/2013
CT Log Number 523589618

TO: Amanda Ocheltree
QUALITY SYSTEMS, INC.
NEXTGEN HEALTHCARE, 795 Horsham Road
Horsham, PA 19044

RE: **Process Served in Ohio**

FOR: Nextgen Healthcare Information Systems, LLC (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mary Rutan Hospital, Pltf. vs. Nextgen Healthcare Information Systems, LLC., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Logan County Court of Common Pleas, OH<br>Case # CV13090324 |
| **NATURE OF ACTION:** | Plaintiff's claiming damages against defendant for failing to perform its obligation and provide the functioning software and/or user materials and failed to correct the software |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cleveland, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/27/2013 postmarked on 09/26/2013 |
| **JURISDICTION SERVED:** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 Days after service of summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Terrence G. Stolly<br>Thompson, Dunlap & Heydinger, Ltd.<br>1111 Rush Ave.<br>Bellefontaine, OH 43311-0068<br>937-593-6065 |
| **ACTION ITEMS:** | CT has retained the current log. Retain Date: 09/30/2013. Expected Purge Date: 10/05/2013<br>Image SOP<br>Email Notification, Amanda Ocheltree aocheltree@nextgen.com<br>Email Notification, Bob Ellis Bellis@Nextgen.com<br>Email Notification, Jocelyn Leavitt jleavitt@qsii.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Timothy Roberson |
| **ADDRESS:** | 4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219 |
| **TELEPHONE:** | 614-280-3338 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Logan County Clerk of Courts
140 North Main St.
Bellefontaine, OH 43311

**CERTIFIED MAIL**

7196 9008 9111 8936 4817

CV 13 09 0324
7196 9008 9111 8936 485

NEXTGEN HEALTHCARE INFORMATION SYSTEMS LLC
C/O CT CORPORATION SYSTEM
STATUTORY AGENT
4400 EASTON COMMONS WAY #125
COLUMBUS, OH 43219



Hasler

016H26509320
$06.31⁰
Mailed From 43311
09/26/2013
US POSTAGE



43321985290 0015

